UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVAUGHN DORSEY,<br><br>           Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | Case No. C14-938-RSL<br><br>ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY |

This matter comes before the Court on petitioner Devaughn Dorsey's "Motion for Certificate of Appealability" (Dkt. # 77). Having reviewed the submissions of the parties and the record contained herein, the Court finds as follows:

On November 12, 2021, the Court entered an Order denying petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. # 75) (the "Habeas Order"). The Habeas Order also addressed petitioner's numerous motions to amend his § 2255 motion and other related motions for relief. The Court summarized its rulings in a table. See Dkt. # 75 at 29. The Habeas Order was silent on petitioner's entitlement to a certificate of appealability. See generally id.

Petitioner now moves the Court to issue a certificate of appealability such that he may appeal the Court's rulings in the Habeas Order to the Ninth Circuit. Petitioner claims that he is entitled to a certificate of appealability on the following issues:

ORDER DENYING MOTION FOR CERTIFICATE
OF APPEALABILITY - 1

- Issue 1: Whether petitioner's right to the effective assistance of counsel was violated when, as a result of counsel's failure to investigate and prepare for trial, counsel failed to call Michelle McNeair as an alibi witness.
- Issue 2: Whether petitioner's other claims of ineffective assistance of counsel raised in his *pro se* and counseled motions to amend were properly before this Court under Fed. R. Civ. P. 15.
- Issue 3: Whether petitioner's conviction for discharge of a firearm during a crime of violence in Count 22 must be vacated because his conviction for witness tampering in Count 21 is categorically not a "crime of violence."

Dkt. # 77 at 2.

As a threshold matter, the Court notes that petitioner's 30-page motion is significantly overlength. The local court rules impose a 12-page limit. See Local Rules W.D. Wash. LCR 7(e)(4). Parties must first seek leave of the Court before filing an overlength motion. See Local Rules W.D. Wash. LCR 7(f). Petitioner did not do so. The Court would be within its discretion to refuse to consider pages 13 through 30 of petitioner's motion on this ground. See Local Rules W.D. Wash. LCR 7(e)(6). This would effectively preclude the Court from considering petitioner's arguments regarding issues 2 and 3 in their entirety. Nonetheless, given its preference for addressing issues on the merits, the Court will consider each issue in turn.

I.   Analysis

A certificate of appealability may issue only if petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000). If the Court found petitioner's claim to be procedurally defective, he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

ORDER DENYING MOTION FOR CERTIFICATE
OF APPEALABILITY - 2

### A. Issue 1[1]

Petitioner contests the Court's conclusion that his right to effective assistance of counsel was not violated when trial counsel failed to call Ms. McNeair as an alibi witness to testify that petitioner was with her at a Burger King around the time of the shooting. Petitioner argues that the Court's findings in the Habeas Order are erroneous, and, by implication, that its ruling is therefore debatable. Petitioner is only entitled to relief for ineffective assistance of counsel if he can show (i) inadequate performance by counsel, and (ii) prejudice resulting from that inadequate performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is 'sufficient to undermine confidence in the outcome' and must be substantial, not just conceivable." Hardy v. Chappell, 849 F.3d 803, 819 (9th Cir. 2016) (quoting Strickland, 466 U.S. at 693-94).

In the Habeas Order, the Court concluded that, even assuming, *arguendo*, that petitioner could show inadequate performance by counsel, petitioner could not show prejudice. The Court reasoned that Ms. McNeair's affidavit is not definitive as to the time of her alleged meeting with petitioner, and petitioner could have both met with Ms. McNeair and shot Martine Fullard. These findings are not rendered erroneous simply because petitioner can use the non-definitive nature of the affidavit to construct an alternate scenario where petitioner was with Ms. McNeair at the time of the shooting. The Court emphasized that the Ninth Circuit recognized that the strongest evidence against petitioner was cell tower records, which remain unaffected by Ms. McNeair's affidavit. See United States v. Dorsey, 677 F.3d 944, 950 (9th Cir. 2012) ("Technology was fatal to Dorsey's alibi because he used a cell phone that showed his proximity to the scene of the shooting, not to where he said he was when he called. That Dorsey tried to create a fake alibi was not merely ineffective, but also stands high in the hierarchy of evidence tending to show guilt."); see also United States v. Dorsey, 781 F. App'x 590, 592 (9th Cir. 2019)

---

[1] For the Court's detailed analysis of this issue, see Dkt. # 75 at 19-21.

ORDER DENYING MOTION FOR CERTIFICATE
OF APPEALABILITY - 3

(holding that the Court did not err in determining that even absent the testimony of the recanting witnesses, it was not probable that the jury would have reached a different verdict, given the cell tower data evidence).  In the view of the Court, which is highly familiar with petitioner's trial, "[t]he record leaves no room for 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Dickinson v. Shinn, 2 F.4th 851, 870 (9th Cir. 2021), cert. denied, 142 S. Ct. 1162 (2022) (quoting Strickland, 466 U.S. at 694).  The conclusion that petitioner failed to make the requisite showing of prejudice, and therefore failed to state a valid claim for ineffective assistance of counsel, is not reasonably debatable.

### B.  Issue 2[2]

Petitioner next contests the Court's ruling denying his motions to amend his § 2255 motion to add new ineffective assistance of counsel claims after the one-year period of limitations had expired.  Petitioner's original § 2255 motion included a timely claim for ineffective assistance of counsel based on counsel's failure to call Ms. McNeair to testify.  Petitioner's argument is that because his new claims were also ineffective assistance of counsel claims premised on counsel's failure to investigate and prepare for trial, they related back to his original motion, and were therefore timely.[3]  Petitioner argues that the Court's procedural ruling that the claims were untimely is therefore debatable.

---

[2] For the Court's detailed analysis of this issue, see Dkt. # 75 at 11-17.

[3] Petitioner also argues that the Court erred in only comparing his new ineffective assistance of counsel claims with his original ineffective assistance of counsel claim because his new claims also related back to his timely claims for violation of his due process rights.  In particular, he argues that the claims relate back to his due process claims that Detective Donovan Daly allegedly coerced Muoy Harper and Shawn Turner to testify falsely against him.  First, this is incorrect.  The Court considered relation back to all of petitioner's original claims despite that petitioner only argued that the claims related back to his original ineffective assistance of counsel claim.  See Dkts. # 67 at 13, # 75 at 12-13, 17.  Second, petitioner does not cogently explain how these due process claims share a common core of operative facts with petitioner's ineffective assistance of counsel claims.  See Fed. R. Civ. P. 15(c)(1)(B); Mayle, 545 U.S. at 664.  He points to no shared facts, but rather states in a conclusory manner that all would have shown prosecutorial misconduct.  The Court reiterates that these claims do not share a common core of operative facts, and therefore do not relate back.

ORDER DENYING MOTION FOR CERTIFICATE
OF APPEALABILITY - 4

Motions for habeas corpus are generally subject to a one-year period of limitations. See 28 U.S.C. § 2255(f). Any attempt to amend a § 2255 motion to add a new claim is time-barred unless: (i) the new claim is timely under the provisions of § 2255(f) or (ii) the new claim relates back to the original § 2255 motion within the meaning of Federal Rule of Civil Procedure 15. See Mayle v. Felix, 545 U.S. 644 (2005). Federal Rule of Civil Procedure 15(c) provides in pertinent part that an amendment relates back when "the amendment asserts a claim . . . that arose out of the conduct, transgression, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, a new claim relates back to a prior claim only where they are both "tied to a common core of operative facts." Mayle, 545 U.S. at 664. Claims do not arise out of the same core of operative facts merely because they each involve an ineffective assistance of counsel claim. See Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012).

In the Habeas Order, the Court considered the facts supporting the claims in the original petition and the facts supporting the claims in the subsequent motions to amend in turn. The Court concluded that petitioner presented no legal claim separate from his original ineffective assistance of counsel claim that shared the same core of operative facts as the original claim. This was not a close call. Petitioner therefore cannot show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling, and therefore is not entitled to a certificate of appealability.

### C. Issue 3[4]

Petitioner argues that his conviction for witness tampering in violation of 18 U.S.C. §§ 1512(a)(1)(A), (a)(1)(C), (a)(2)(A) and (a)(2)(C) (Count 21) is categorically not a "crime of violence" under 18 U.S.C. § 924(c)(1)(A). The heart of petitioner's argument is that his conviction for witness tampering cannot serve as a crime of violence because he may have had a

---

[4] For the Court's detailed analysis of this issue, see Dkt. # 75 at 22-28.

ORDER DENYING MOTION FOR CERTIFICATE
OF APPEALABILITY - 5

1   *mens rea* of recklessness,[5] and the Court erred in concluding otherwise.  Because the Court
2   erred, petitioner reasons, its ruling is debatable.  Petitioner overlooks the law.
3         The Court instructed the jury that petitioner was guilty of witness tampering if the
4   government had proved beyond a reasonable doubt the elements of either of two theories.  The
5   first theory required that petitioner "attempt[ed] to kill Martine Fullard," and the second theory
6   required that petitioner "use[d] physical force against Martine Fullard."  United States v.
7   Dorsey, CR08-245-RSL, Dkt. # 382 at 21; see also 18 U.S.C. §§ 1512(a)(1), (2).
8         Regarding the first theory, petitioner's argument is that "attempt[ing] to kill" does not
9   satisfy § 924(c)(3)'s elements clause because killing can be accomplished via second degree
10  murder, which requires a *mens rea* of recklessness.  This is inconsequential because theory one
11  required the jury to find that petitioner *attempted* to kill.  Both Supreme Court and Ninth Circuit
12  caselaw make clear that an *attempt* to kill requires a specific intent to kill.  See Braxton v.
13  United States, 500 U.S. 344, 351 n.* (1991) ("[A] murder may be committed without an intent
14  to kill, an attempt to commit murder requires a specific intent to kill."); see also United States v.
15  Gracidas-Ulibarry, 231 F.3d 1188, 1192 (9th Cir. 2000) (en banc) (stating that an attempt to
16  commit a crime requires a "specific intent to commit the crime attempted, even when the statute
17  [does] not contain an explicit intent requirement").
18        Regarding the second theory, petitioner's argument that "using physical force" may be
19  accomplished with a *mens rea* of recklessness is foreclosed by Borden.  In Borden, the Supreme
20  Court construed the language "use of physical force against the person of another" as requiring
21  intentional conduct and excluding reckless conduct.  141 S. Ct. at 1825.  The Supreme Court
22  reasoned that because the statute requires force to be used "against" a person, this means the
23  force must be directed toward "the conduct's conscious object," and held that this requirement

---

[5] In Borden, the Supreme Court held that a criminal offense that requires only a *mens rea* of recklessness cannot count as a "violent felony" under the elements clause of § 924(e)(2)(B).  Borden v. United States, 141 S. Ct. 1817, 1821 (2021).  The elements clause of § 924(e)(2)(B) is identical to § 924(c)(3)'s elements clause, except that § 924(e)(2)(B)'s clause does not apply to property.  Compare 18 U.S.C. § 924(c)(3)(A) with 18 U.S.C. § 924(e)(2)(B)(i).

ORDER DENYING MOTION FOR CERTIFICATE
OF APPEALABILITY - 6

means the statutory language covers purposeful and knowing acts but excludes recklessness. <u>Id.</u> at 1826. While the <u>Borden</u> Court interpreted this language in § 924(e)(2)(B)(i), there is no reason to believe that "using physical force . . . against any person" in § 1512(a)(2) has any broader meaning that encompasses recklessness. <u>See</u> <u>United States v. Davis</u>, 139 S. Ct. 2319, 2329 (2019) (courts "normally presume that the same language in related statutes carries a consistent meaning").

In sum, the Court's conclusion that petitioner's conviction for witness tampering in Count 21 constitutes a "crime of violence" is not reasonably debatable.

## II. Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED that petitioner's Motion for Certificate of Appealability (Dkt. # 77) is DENIED.

DATED this 31st day of May, 2022.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR CERTIFICATE
OF APPEALABILITY - 7